# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GUADALUPE DIAZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 10 C 1500 |
|     v. | ) |
| | ) Judge Ronald A. Guzmán |
| LEGION PERSONNEL, INC. and | ) |
| MATHEW RUBINO, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Guadalupe Diaz has sued defendants Legion Personnel, Inc. and Mathew Rubino[1] for their alleged violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. Defendants have moved to dismiss the claims asserted against them pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the Court denies the motion.

## Facts

Legion is an employment agency. (Compl. ¶ 6.) In September 2003, plaintiff was hired by Legion's predecessor, Patriot Staffing Management, and worked for the company until she was terminated on January 15, 2010. (*Id.* ¶ 4; *see* Pl.'s Resp. Mot. Dismiss 7 n.2.) Legion assigned her to work at Hub One Logistics, but plaintiff was paid by and received benefits from Legion. (Compl. ¶¶ 4, 10.)

On October 27, 2009, plaintiff gave her Hub One supervisor a doctor's note explaining that plaintiff was due to give birth on December 2, 2009 and would need six weeks maternity leave thereafter. (*Id.* ¶ 17.) Her supervisor did not tell her about FMLA leave or instruct her to

---

[1] Defendants Hub One Logistics Corp. and Herbierto Arteaga have been dismissed from the case.

tell Legion about her situation. (*Id.* ¶¶ 18-19.) On October 31, 2009, Hub One put plaintiff on involuntary leave because of the impending birth. (*Id.* ¶ 20.)

Plaintiff gave birth on November 26, 2009. (*Id.* ¶ 23.) Because of subsequent health complications, on January 11, 2010, she asked Hub One for additional time off. (*Id.* ¶¶ 23-24.) Hub One told plaintiff to obtain paperwork from her doctor, who told her about the FMLA. (*Id.* ¶¶ 24, 26.)

On January 11, 2010, plaintiff asked Hortensia Amaraz, a Legion employee, for FMLA forms. (*Id.* ¶ 27.) Amaraz said she did not know what the FMLA was. (*Id.*) On January 15, 2010, plaintiff renewed her request and Amaraz said she would speak to Rubino about it. (*Id.* ¶ 28.) She also told plaintiff to speak to Hub One about her request. (*Id.* ¶ 29.)

Plaintiff then asked Hub One for time off but was told she had been terminated and replaced by another temporary employee. (*Id.* ¶¶ 30-32.)
On January 21, 2010, plaintiff asked Amaraz about the status of her leave request and was told that Amaraz had asked Rubino about it, but he had not given her a response. (*Id.* ¶¶ 34.)

Plaintiff alleges that Legion and Hub One never told her about her FMLA rights or gave her FMLA and refused to reinstate her after her maternity leave in retaliation for her FMLA leave request.

## **Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v.*

2

*Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges that Legion is the primary employer in a joint-employer relationship between it and Hub One. *See* 29 C.F.R. § 825.106(b)(1) (noting that "joint employment . . . ordinarily . . . exist[s] when a temporary placement agency supplies employees to a second employer" and the agency is the primary employer); *Grace v. USCAR*, 521 F.3d 655, 667-68 (6th Cir. 2008) (finding that an employment agency and the company with which it placed employees were joint employers and the agency was the primary employer); (Compl. ¶ 10 (alleging that Legion is an employment agency that placed plaintiff with Hub One and hired, paid, and provided benefits to her)); s*ee also Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008) (citing *Grace* with approval).

As the primary employer, Legion is responsible for providing its eligible employees with FMLA leave to care for a newborn child. 29 U.S.C. § 2612(a)(1)(A). The FMLA defines "eligible employee" as one who has worked for the employer for at least twelve months and performed 1,250 hours of service in the twelve-month period preceding her leave request. 29 U.S.C. § 2611(2)(A). Plaintiff alleges that she started working for Legion's predecessor in September 2003 and worked more than 1,700 hours in the year before she asked for leave. (Compl. ¶¶ 4, 10, 12; Pl.'s Resp. Mot. Dismiss 7 n.2.); *see* 29 U.S.C. § 2611(4)(A)(ii) (stating that the term "employer" includes "any successor in interest of an employer").

Defendants contend that plaintiff's allegation about the length of her employment is

3

belied by her application for employment with Legion dated November 11, 2008, which is written entirely in Spanish and attached to their motion. (*See* Mot. Dismiss, Ex. A.) Generally, the Court cannot consider documents outside of the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Among the documents excepted from this rule are: (1) those that a defendant attaches to its motion, if they are "referred to in the plaintiff's complaint and are central to her claim," *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); and (2) "matters of public record" subject to judicial notice, *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008). *See* Fed. R. Evid. 201(b) ("[A] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") The employment application does not fall into either category.

The Court can, however, take judicial notice of another document defendants submitted, a corporate record for Legion maintained by the Illinois Secretary of State. (Mot. Dismiss, Ex. B, Corporation File Detail Report); *see Lengerich v. Columbia Coll.*, 633 F. Supp. 2d 599, 607 n.2 (N.D. Ill. 2009) (taking judicial notice of a similar record). That document states that Legion was incorporated on November 17, 2008. Because Legion was not even incorporated twelve months before Hub One placed plaintiff on involuntary leave on October 31, 2009, defendants say plaintiff could not have been FMLA eligible at that time.

The Court disagrees. The incorporation date reflected on Legion's corporate filing does

not impugn plaintiff's allegation that Legion is the successor to Patriot Staffing. (Compl. ¶ 4; Pl.'s Resp. Mot. Dismiss 7 n.2.) Whether that is true depends on the relationship between the two companies, which this nascent record does not reveal. *See Grace*, 521 F.3d at 671 (noting that the FMLA regulations instruct courts to consider eight factors to determine whether an employer is a successor in interest). As a result, the issue of plaintiff's FMLA eligibility must await further factual development.

In short, plaintiff sufficiently alleges that she was FMLA eligible, Legion failed to tell her about her FMLA rights or give her FMLA leave, placed another employee in her position at Hub One and refused to give her any work after her child was born in retaliation for her attempts to exercise her FMLA rights. (Compl. ¶¶ 4, 12, 22, 27-28, 33-35, 39-42, 50-51.) Those allegations adequately state FMLA claims against Legion.

The next question is whether plaintiff has stated FMLA claims against Rubino as well. Neither the Supreme Court nor the Seventh Circuit has addressed whether individuals can be held liable as "employers" under the FMLA, but lower courts have held that they can be if the individual: (1) "had supervisory authority over the plaintiff"; and (2) "was at least partly responsible for the alleged violation." *Austin v. Cook County*, No. 07 C 3184, 2009 WL 799488, at *3 (N.D. Ill. Mar. 25, 2009); *see Smith v. Univ. of Chi. Hosp.*, No. 02 C 0221, 2003 WL 22757754 at *6 (N.D. Ill. Nov. 20, 2003) (collecting cases). Plaintiff alleges that Rubino had supervisory authority over her and ignored her request for FMLA leave (Compl. ¶¶ 9, 34-35), allegations that sufficiently state an FMLA claim against him.

**Conclusion**

For the reasons set forth above, the Court denies defendants' motion to dismiss [doc. no.38].

**SO ORDERED.**  **ENTERED:**

**September 15, 2010**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**